UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER WILLIAMS, | ) | CASE NO. 5:13 CV 2214 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | |
| ERIC FINNEGAN, PORTAGE COUNTY ASSISTANT PROSECUTOR, | ) ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Tyler Williams ("plaintiff" or "Williams") filed the above-captioned *in forma pauperis* Complaint against Assistant Portage County Prosecutor Eric Finnegan ("defendant" or "Finnegan"). Williams asserts Finnegan violated 18 U.S.C. §§ 1519, 1622, 1623 and 1001, as amended. He seeks injunctive relief and $125,000,000.00 in damages.

I. **BACKGROUND**

On June 17, 2013, Williams was indicted on charges of rape, aggravated burglary and gross sexual imposition in the Portage County Court of Common Pleas. *See State of Ohio v. Williams*, No. 2013 CR00364 (Ct. Com. Pl. Portage County) (Enlow, J.). An arraignment and bond hearing was held on June 24, 2013. (*See* Tr., Compl. Ex. A.) During the hearing, Finnegan recommended a $1,000,000.00 bond allegedly because "the defendant has a bunch of priors out of the State of New York." (Compl. ¶ 11.) Williams claims that his father stood up and protested that "we have never been to New York[,]" but a deputy sheriff ordered him to sit and remain

silent. (*Id.*) Finnegan also allegedly noted that a high bond was required because the case carried a possible life sentence. (*Id.* ¶ 12.)

One week after the hearing, Williams's father visited the court house to request a copy of the transcript of the arraignment. The court reporter was on vacation, but a court employee provided the reporter's telephone number to call and request a copy to pick up in the future. (*Id.* ¶ 13.) When he returned a week later with a friend, Williams's father was advised to wait in the outer hall. While waiting, the father observed Finnegan leaving Judge Enlow's courtroom and entering the office suite where he was advised to wait in the hall. (*Id.* ¶ 14.) Later, he looked through the office window and saw Judge Enlow talking with the prosecutor and an unidentified individual. Fifteen minutes later, the court reporter handed him the transcript and stated there was no charge. (*Id.* ¶ 16.)

Williams's father read over the transcript and noticed:

> there were more words that what Eric Finnegan said and the order of the statements made by him was reversed. He noticed that the Transcript described that Eric Finnegan first said that the defendant was facing life in Prison for these charges, and then said that he would also indicate that the defendant does have a fairly thick Complete Criminal History (CCH) most of which appears to be out of the State of New York, going back to 2009. . . . All that he said about New York and the CCH and going back to 2009 was not said during the arraignment. And therefore the court record is altered from that of being a transcript and where opinions, beliefs, nor estimations of a court record does not qualify as a court transcript. Thus violation of 18 U.S.C. § 1519, and 18 U.S.C. § 1622.

(*Id.* ¶ 17.) Because the prosecutor's statements in court and the official transcript are different, and the prosecutor "has taken an oath for his capacity" (*id.* ¶ 18), Williams concludes the discrepancy demonstrates a clear violation of 18 U.S.C. § 1623.

The balance of plaintiff's Complaint suggests he never committed the crimes for which he is charged. Williams alleges he was never in the home of the victim, but was called a racial slur by the victim's mother and, in the past, had disagreements with the boy

over personal property. He believes a "conspiracy" may exist between the defendant and the victim's family that initiated the filing of the indictment against him, but he needs additional discovery to determine that theory.

Finally, plaintiff claims the prosecutor presented his "Juvenile record of a Hear Say content as being a Complete Criminal History of Plaintiff Williams." (*Id.* ¶ 18.) Even conceding he committed these acts, Williams alleges that the State of Ohio does not qualify the behavior he engaged in as a juvenile as criminal. (*Id.*)

It is based on these cumulative facts that Williams believes he is entitled to injunctive and monetary relief from this Court.[1]

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319,109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## III. ANALYSIS

---

[1] Since the date this case was filed, on January 15, 2014, as reflected by the publicly available online state court docket, Williams, represented by counsel, entered a guilty plea that the state court accepted. On January 24, 2014, he filed a *pro se* Motion to Withdraw Guilty Plea. Judge Enlow held a hearing on April 29, 2014 to address the motion, as well as Mr. Williams's competency to stand trial. The next day, Judge Enlow issued an Order finding him competent and granting the motion to withdraw the plea. He also set the case for a pre-trial conference on June 3, 2014 and trial on June 17, 2014.

Plaintiff asserts this Court has authority over his civil action based on federal question jurisdiction. He claims the prosecutor violated the criminal perjury statutes because his statements during the arraignment are not restated verbatim in the official transcript.

### A. *Criminal Statutes*

Plaintiff alleges the prosecutor made false statements in violation of 18 U.S.C. § 1001 and perjured himself in violation of 18 U.S.C. §§ 1622 & 1623.[1] All three statutes carry a potential sentence of up to five years in prison.

There is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). Therefore, any violation of these sections of the federal criminal code does not give rise to an independent, private cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).

### B. *Prosecutorial Immunity*

Absolute prosecutorial immunity protects a prosecutor from liability for any acts that fall within his or her role as advocate for the state and that are intimately associated with the judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Ireland v. Tunis,* 113 F.3d 1435 (6th Cir. 1997). Here, Williams's allegations focus on statements the prosecutor made in direct response to Judge Enlow's request for input on the appropriate bond level. As the State's representative, a prosecutor is obligated to address relevant facts regarding the risk of a defendant's release into the community. Therefore, defendant is immune from suit based on these actions because they fall within the

---

[1] Although Williams includes 18 U.S.C. § 1519, the statute only addresses the destruction, alteration, or falsification of records in federal investigations and bankruptcy. He has not alleged any facts that would remotely suggest a violation of that statute.

prosecutor's role as advocate and allowed the judge to establish a suitable bond. Immunity would apply even if the prosecutor had acted wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989).

Accordingly, even though Williams seeks civil damages, the defendant is immune from suit in this case.

**C.**     ***Abstention***

Liberally construing this matter in the plaintiff's favor, Williams's Complaint includes indirect challenges to the evidence presented, his perceived collusion between the prosecution and victim's family, as well as the quality of his legal representation. The *Younger* abstention doctrine, however, counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 37–38, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) (extending the doctrine to encompass civil and administrative proceedings).

All three considerations for determining when abstention is appropriate are present in this case; they include: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Middlesex*, 457 U.S. at 432. Plaintiff has not demonstrated any extraordinary circumstances such as "bad faith, harassment, [] flagrant unconstitutionality," or another unusual circumstance warranting equitable relief. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir.1996). Therefore, even if Williams raised an issue over which he had

standing, this Court would decline to address it while his criminal case is proceeding in state court.

IV. **CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies that an *in forma pauperis* appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[2]

**IT IS SO ORDERED**.

Dated: May 29, 2014

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."